IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK14-41518 |
| LARRY E. YOUNG and ) | A15-4016 |
| PAMELA SUE YOUNG, ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| LARRY E. YOUNG and ) | |
| PAMELA SUE YOUNG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| GREEN TREE SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff-debtors' motion for summary judgment (Fil. No. 8). No objection was filed. April Lewis represents the debtors. No appearance has been made for the defendant. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot Twenty-Two (22), Block One (1), Orcutt Acres, a replat of Lot Seventeen (17), J.G. Miller's Subdivision, Lincoln, Lancaster County, Nebraska, commonly known as 301 West Orcutt Avenue, Lincoln, Nebraska 68504.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. According to the claims register, The Bank of New York Mellon as indenture trustee for Nationstar Home Equity Loan Trust 2009-A holds the first lien against the real property in the approximate amount of $116,023.77 by virtue of a deed of trust recorded on July 7, 1999.

5. U.S. Bank, N.A., as trustee for Conseco[1] Finance Home Equity Loan Trust 2002-C, holds a second lien against the property in the approximate amount of $5,668.64 by virtue of a deed of trust recorded on May 9, 2002.

6. The Lancaster County Assessor valued the property at $107,500.00 in 2014.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiffs filed this adversary complaint on April 3, 2015.

9. Summons and the complaint were served on April 8 and 10, 2015, on the defendant's registered agent and at the defendant's noticing and payment addresses.

10. The time for filing an answer or other response expired on May 3, 2015.

11. No answer or other response has been filed or served by the defendant.

The Eighth Circuit Court of Appeals has concurred with the seven other circuit courts that have addressed the issue in deciding that a wholly unsecured junior lien may be stripped off and avoided upon a debtor's Chapter 13 discharge. *Minnesota Housing Fin. Agency v. Schmidt (In re Schmidt)*, 765 F.3d 877 (8th Cir. 2014).

The court explained that the anti-modification protections provided to secured creditors by 11 U.S.C. § 1322(b)(2) apply only when the creditor's lien actually has some value, drawing a distinction between under-secured liens and liens without any value whatsoever. "'Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value – after accounting for other encumbrances that have priority over the lien – so that the lien is at least partially secured under Section 506(a).'" *Id.* at 881-82 (quoting *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir. 2001)). When "the creditor's claim is wholly unsecured, then the reasoning of *Nobelman [v. American Sav. Bank*, 508 U.S. 324 (1993) (prohibiting stripping of partially secured liens)] does not preclude modifying the creditor's rights under § 1322(b)(2)." *Id.* at 882. A wholly unsecured creditor does not hold a claim secured by the debtor's residence, so the anti-modification provision does not apply. *Id.* (citing *McDonald v. Master Fin'l, Inc. (In re McDonald)*, 205 F.3d 606, 612 (3d Cir. 2000)). Accordingly, Chapter 13 debtors may strip off the lien of a junior lienholder where there is no equity securing the security interest in the property.[2]

---

[1]Conseco Finance Servicing Corp. is now known as Green Tree Servicing LLC.

[2]This case is unaffected by the recent United States Supreme Court decision of *Bank of America, N.A. v. Caulkett*, ___ U.S. ___, 135 S. Ct. 1995 (June 1, 2015) (holding that Chapter 7 debtors may not strip off wholly unsecured liens), because *Caulkett* applies only to Chapter 7 cases. *Id.* at 1999; *Green Tree Servicing, LLC v. Wilson (In re Wilson)*, 532 B.R. 486, 493 n.10 (S.D.N.Y.
(continued...)

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by U.S. Bank, N.A., as trustee for Conseco Finance Home Equity Loan Trust 2002-C, for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. No. 8) is granted. Separate judgment will be entered.

DATED:  August 18, 2015.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

² (...continued)
2015). *See also Boutkatch v. MidFirst Bank (In re Boutkatch)*, 533 B.R. 292, (B.A.P. 9th Cir. 2015) (holding that wholly unsecured liens may be stripped off in the "Chapter 20" context as long as debtors complete their plan payments).

Notice given by the Court to:
    *April Lewis
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.